♦JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
**MICHAEL COVALESKI**

### DEFENDANTS
**HEWLETT-PACKARD COMPANY**

(b) County of Residence of First Listed Plaintiff: **Gloucester**

County of Residence of First Listed Defendant: **Chester**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Lane J. Schiff, Esquire
Console Law Offices LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102   215-545-7676

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §621, et seq. ("ADEA"); 42 U.S.C. § 12101, et seq. ("ADA"); 43 P.S. §951, et seq. ("PHRA")
Brief description of cause:
Plaintiff is alleging age and disability discrimination.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** in excess of 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE: **January 13, 2015**

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

## CONSENT TO RECEIVE NOTICE OF ORDERS AND JUDGMENTS IN CIVIL AND CRIMINAL CASES BY MEANS OF FACSIMILE TRANSMISSION AND WAIVER OF PROVISIONS OF FED.R.CIV.P. 77(d) OR FED.R. CRIM.P. 49(c) PROVIDING FOR SAID NOTICE BY MEANS OF MAIL

### TO THE CLERK OF COURT:

I hereby waive the provisions of Fed.R.Civ.P. 77(d) or Fed.R.Crim.P. 49(c) providing for notice of the entry of Orders or Judgments by mail in the manner provided by Fed.R.Civ.P. 5 or Fed.R.Crim.P. 49(c), and consent that notice may be given to me, in all pending and future civil or criminal cases in which I enter my appearance, by the Clerk of Court by facsimile in lieu of notice by means of mail. I understand that this form, when executed, will serve as Notice to and Authorization for the Clerk of Court to keep this information on file for all pending and future civil or criminal cases in which I enter my appearance.

I hereby confirm, by execution of this form, that I understand that it is my responsibility to notify the Clerk of Court, in writing, of my current address and facsimile number.

**Lane J. Schiff, Esquire**
Name (Printed)
Console Law Offices LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19012
Address (Printed)

Address (Printed)

Signature

314179
Bar Id Number

(215) 545-7676
Telephone Number

(215) 405-2964
FAX Number

January 13, 2015
Date

UNITED STATES DISTRICT COURT     APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Sewell, NJ 08080**

Address of Defendant: **1550 Liberty Ridge Drive, Suite 120, Chesterbrook, PA 19087**

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Lane J. Schiff, Esquire**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☒ Relief other than monetary damages is sought.

DATE: **January 13, 2015** _____     **314179**
                                  Attorney-at-Law                         Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **January 13, 2015** _____     **314179**
                                  Lane J. Schiff, Esquire

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michael Covaleski | : | CIVIL ACTION |
| v. Plaintiff, | : | |
| Hewlett-Packard Company | : | |
| Defendant. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| **January 13, 2015** | Lane J. Schiff, Esquire | |
| Date | Attorney-at-law | Attorney for Plaintiff |
| (215) 545-7676 | (215) 405-2964 | schiff@consolelaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL COVALESKI**<br>**Sewell, NJ 08080**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**HEWLETT-PACKARD COMPANY**<br>**1550 Liberty Ridge Drive,**<br>**Suite 120**<br>**Chesterbrook, PA 19087**<br><br>　　　　　　**Defendant.** | **CIVIL ACTION NO.**<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

### I.　INTRODUCTION

Plaintiff, Michael Covaleski, brings this action against his former employer, Hewlett-Packard Company for unlawful discrimination, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.*, ("ADA"), and the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.*, ("PHRA"). Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

### II.　PARTIES

1.　Plaintiff, Michael Covaleski ("Plaintiff"), is an individual and a citizen of the state of New Jersey. He resides in Sewell, New Jersey.

2.      Plaintiff was fifty-six (56) years of age with seventeen (17) years of service at the time Defendant terminated his employment.

3.      At all times relevant, Plaintiff was disabled under the ADA and PHRA in that he suffered from a herniated disc, which substantially limited one (1) or more of his major life activities, and/or had a record of impairment and/or was regarded as having such impairment.

4.      Defendant, Hewlett-Packard Company ("Defendant"), is a corporation duly organized and existing under the laws of the State of Delaware, maintaining a place of business located at 1550 Liberty Ridge Drive, Suite 120, Chesterbrook, Pennsylvania 19087.

5.      At all times material hereto, Defendant employed more than twenty (20) employees.

6.      At all times material hereto, Defendant was an employer within the meanings of the ADEA, ADA, and PHRA.

7.      At all times material hereto, Plaintiff was an employee within the meanings of the ADEA, ADA, and PHRA.

## III.    JURISDICTION AND VENUE

8.      The causes of action that form the basis of this matter arise under the ADEA, the ADA, and the PHRA.

9.      The District Court has jurisdiction over Count I (ADEA) and Count II (ADA) pursuant to 28 U.S.C. §1331.

10.     The District Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

2

11.     Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b).

12.     On or about September 19, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("Charge"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

13.     On or about October 29, 2014, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

14.     Plaintiff is filing this complaint within ninety (90) days from his receipt of this notice.

15.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

16.     Plaintiff was hired by Defendant's predecessor, Neoware, Inc., on or about May 20, 1996. Defendant acquired Neoware, Inc. on or about December 1, 2007. At that time, Plaintiff began working for Defendant.

17.     Plaintiff was employed by Defendant until on or about August 16, 2013. Plaintiff consistently performed his job duties in an excellent manner.

18.     Plaintiff's disability caused him to take a ten (10) week medical leave of absence from on or about August 3, 2011 until on or about October 10, 2011.

Defendant had knowledge of Plaintiff's disability and resultant need of medical treatment.

19. During Plaintiff's leave of absence, on or about September 16, 2011, Defendant demoted Plaintiff's employment and he began reporting to Wyatt Davis, Manager.

20. On or about October 31, 2011, Plaintiff received a performance rating of Partially Achieves Expectations. Plaintiff received this poor performance review despite the fact that he had completed one hundred percent (100%) of his goals. This was the worst performance review that Plaintiff had received during the entirety of his employment with Defendant and its predecessor, Neoware, Inc.

21. On May 23, 2012, Defendant offered an Early Retirement Program to incent older workers, including, but not limited to, Plaintiff, to terminate their employment with Defendant. Defendant did not attempt to incent younger workers to leave their employment.

22. Plaintiff declined to accept the Early Retirement Program and terminate his employment with Defendant.

23. Merely three (3) months after Plaintiff declined to terminate his employment with Defendant, on or about August 1, 2012, Defendant demoted Plaintiff from the position of Quality Program Manager V (Master) to Quality Engineer V (expert), as part of an alleged reorganization. Plaintiff began reporting to Andrew Lamb (approximate age 42), Director of Third Level Support & Customer Solutions.

24. During the fall of 2012, Plaintiff requested meetings with Mr. Lamb to

4

discuss his job duties and performance. Mr. Lamb refused all of Plaintiff's requests, which, to Plaintiff's knowledge, violated Defendant's policies.

25.     On or about December 14, 2012, Plaintiff received a performance rating of Partially Achieves Expectations.

26.     Plaintiff received this poor performance review despite the fact that he had previously been informed, in or about July of 2012, that he was performing his job duties in a satisfactory manner and would receive a performance rating of Achieves Expectations. Furthermore, Plaintiff had completed or was on track to complete one hundred percent (100%) of his goals.

27.     Plaintiff's disability necessitated that he take a second medical leave of absence from on or about January 16, 2013 until on or about June 10, 2013. Defendant at all times had knowledge of the same.

28.     On or about June 10, 2013, the day that Plaintiff reported back to work from his second medical leave of absence, Defendant informed him that his employment was being terminated. Plaintiff's employment was terminated on August 16, 2013.

29.     Defendant alleged that Plaintiff's employment was terminated as part as an alleged workforce reduction, specifically stating that "the job [Plaintiff was] performing will no longer continue, [Plaintiff's] skill set was not applicable to [Defendant's] operations going forward, and/or other employees were viewed as better qualified because of past performance and competency evaluation." This is pretext for unlawful discrimination.

5

30. According to the notice Defendant provided in accordance with the Older Workers Benefit Protection Act of 1990, only one (1) other employee was terminated as part of the alleged workforce reduction. That employee was Kevin Daley (age 58), Quality Engineer. To Plaintiff's knowledge, Mr. Daley was also disabled.

31. Defendant retained other younger, non-disabled Quality Engineers who did similar work and were less experienced and qualified than Plaintiff.

32. To Plaintiff's knowledge, some or all of Plaintiff's prior responsibilities were taken over by Ron Braun (approximate age mid-30s) and other younger and/or non-disabled individuals.

33. Plaintiff's age was a determinative and motivating factor in the decision to terminate his employment.

34. Plaintiff's actual and/or perceived disability and/or record of impairment was a determinative and/or motivating factor in the decision to terminate his employment.

35. As a direct and proximate result of Defendant's behavior, Plaintiff has sustained in the past and will sustain in the future a loss of earning, emotional upset, and pain and suffering.

36. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

37. Plaintiff incorporates paragraphs 1 through 36 as if set forth herein in their entirety.

38. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

39. Defendant's violations of the ADEA were intentional and willful, warranting the imposition of liquidated damages.

40. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein.

41. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

42. No previous application has been made for the relief requested herein.

## COUNT II – ADA

43. Plaintiff incorporates herein by reference paragraphs 1 through 42 above, as if set forth herein in their entirety.

44. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADA.

45. Defendant acted with malice or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

46. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein.

47. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

48. No previous application has been made for the relief requested herein.

## COUNT III – PHRA

49. Plaintiff incorporates herein by reference paragraphs 1 through 48 above, as if set forth herein in their entirety.

50. By committing the foregoing acts of discrimination based on Plaintiff's age and actual and/or perceived disability and/or record of impairment, Defendant has violated the PHRA.

51. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

52. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

53. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant by:

a. declaring the acts and practices complained of herein to be a violation of the ADEA;

b. declaring the acts and practices complained of herein to be a violation of the ADA;

c. declaring the acts and practices complained of herein to be a violation of PHRA;

d. enjoining and restraining permanently the violations alleged herein;

e. awarding Plaintiff back-pay;

f. awarding Plaintiff front-pay;

8

    g.    awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

    h.    awarding liquidated damages to Plaintiff pursuant to the ADEA;

    i.    awarding punitive damages to Plaintiff pursuant to the ADA;

    j.    awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

    k.    awarding Plaintiff such other damages as are appropriate under the ADA, ADEA, and PHRA; and

    l.    granting such other and further relief as this Court deems appropriate.

Date: 1/13/15

By: *[signature]*

CONSOLE LAW OFFICES LLC

STEPHEN G. CONSOLE
LANE J. SCHIFF
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 545-8211 (facsimile)

Attorneys for Plaintiff, Michael Covaleski

# EXHIBIT A

| CHARGE OF DISCRIMINATION | | AGENCY<br>FEPA<br>X  EEOC | CHARGE NUMBER<br>530-2014-00257 |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | | |
| STATE OR LOCAL AGENCY: PHRC | | | |
| NAME (Indicate Mr., Ms., Mrs.)<br>**Michael F. Covaleski** | | HOME TELEPHONE NUMBER *(Include Area Code)* | |
| STREET ADDRESS | CITY, STATE AND ZIP<br>**Sewell, NJ 08080** | | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Hewlett-Packard Company** | NUMBER OF EMPLOYEES, MEMBERS<br>**300,000+** | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS<br>**1550 Liberty Ridge Drive, Ste. 120** | CITY, STATE AND ZIP<br>**Wayne, Pa 19087** | COUNTY<br>**Montgomery** |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Race  Color  Sex  Religion  National Origin<br>Retaliation  XX Age  XX Disability  Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*                          *Latest*<br>                                                      6/10/13<br>Continuing Violation |
|---|---|

THE PARTICULARS ARE:

A.  1. I was born on May 28, 1957 and am currently fifty-six (56) years of age. I was hired by the predecessor of Respondent (Neoware) on or about May 20, 1996. This company was acquired by Respondent on or about December 1, 2007. At the time of my termination, my position was Quality Engineer V and I was reporting to Andrew Lamb, Director of Third Level Support & Customer Solutions* (42). Mr. Lamb became my supervisor on or about July 25, 2012. My prior supervisor (since September 16, 2011) was Wyatt Davis, Manager, 3rd Level Support Consumer Premium/Volume/Commercial Managed IT Hardware (52). Previously (since April 1, 2010), I reported to Andy Stuart, Director, TCE&Q Division (age ?).

While I was reporting to Mr. Stuart, I took a ten (10) week medical leave of absence from August 31, 2011 to October 10, 2011. My superiors at Respondent (including Mr. Stuart) were made aware of the details of my "disability." I took a second medical leave of absence from January 16, 2013, to June 10, 2013. Again, my superiors at Respondent (including Mr. Lamb) were made aware of the details of my "disability."

Throughout my seventeen (17) years of employment with Respondent, I was a loyal, dedicated and hard-working employee. In my performance reviews, I consistently received positive evaluations being rated meets or exceeds expectations.

*All ages herein are approximate.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| x *[signature]* Michael Covaleski  9-18-2013<br>Date:       Charging Party *(Signature)* | ~~SIGNATURE OF COMPLAINANT~~<br>~~SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE~~<br>~~(Day Month, and year)~~ |

EEOC Charge of Discrimination
Page 2 of 3
Michael Covaleski v. Hewlett-Packard

2. I have been discriminated against based on my age (56) and my "disability." The facts supporting my claims of discrimination include, but are not limited to, the following:

a) After returning from my first medical leave of absence on October 10, 2011, I was demoted from Mr. Stuarts group and began reporting to Mr. Davis who, just one month later, gave me a lesser performance rating ("partially achieves");

b) On May 23, 2012, Respondent offered incentive packages to older workers to leave employment. To the best of my knowledge, Respondent did not attempt to incent younger workers to leave employment;

c) I declined to accept the termination package;

d) On August 12, 2012, I was demoted to Quality Engineer V (my prior title was Quality Program Manager V (Master);

e) During the Fall of 2012, I requested meetings with Mr. Lamb to discuss my projects and performance goals but he failed to have one-on-one meetings with me;

f) On December 14, 2012, I learned that my performance rating had been downgraded to a partially achieves rating by Mr. Lamb who had only been my supervisor for six (6) months and had not had any one-on-one meetings with me concerning work and performance. This was despite the fact that Mr. Davis, to whom I reported until July 25, 2012, told me that he had rated me as '"achieved performance" and said that he was satisfied with my work that year and believed that I had done a good job;

g) On June 10, 2013, the day that I reported back to work from my second medical leave of absence, I was notified at 9:00 a.m. by telephone by Mr. Lamb that I was being terminated;

h) My last day of work was August 16, 2013;

i) At the time of my termination, Kevin Daley, Quality Engineer (58), was also terminated;

j) I believe that Respondent retained other Quality Engineers who did similar work, were less experienced and qualified than me, were younger than me and/or were not "disabled;" and,

k) Some or all of my prior responsibilities were taken over by Ron Braun (age unknown) and other younger and/or non-"disabled" individuals who were retained by Respondent.

**EEOC Charge of Discrimination**
**Page 3 of 3**
**Michael Covaleski v. Hewlett-Packard**

B.

1. During the June 10, 2013, phone call, Mr. Lamb told me that I was being terminated because the Respondent was leaving the Wayne, Pennsylvania, facility and there was no longer a job for me;

2. My duties were transferred to other individuals including younger and/or non-"disabled" employees;

3. Respondent's stated reason is pretextual; and,

4. I was not offered positions in other locations where younger and/or non-"disabled" individuals continue to perform duties that I am as or more qualified to perform.

C.   I allege that Respondent's conduct, including without limitation, the conduct referenced herein, was discriminatory based on my age (56) and, my "disability" in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.*, ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").



INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Michael F. Covaleski v. Hewlett Packard Company**

EEOC No. 530-2014-00257

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

__X__ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

__X__ *I understand that false statements in this complaint are made subject to the penalties of Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X   _Michael F. Covaleski_   9-18-2014
Signature and Date **(Michael F. Covaleski)**

# EXHIBIT B

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Michael Covaleski**<br>Sewell, NJ 08080 | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1300**<br>**Philadelphia, PA 19107** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2014-00257** | **Legal Unit** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

10/29/14
*(Date Mailed)*

Enclosures(s)

cc: **HEWLETT PACKARD COMPANY**
Elizabeth Deardorff, Esq.
5400 Legacy Dr
Employment Litigation, H4-1H-13
Plano, TX 75024

Console Law Offices, LLC.
Stephen G. Console
1525 Locust Street, 9th Floor
Philadelphia, PA 19102